WESTERN DISTRICT COURT: NEW YORK
UNITED STATES OF AMERICA

BRUCE TOLBERT,
                Plaintiff,

vs.                                                              **COMPLAINT**

CITY OF BUFFALO
CITY OF BUFFALO POLICE OFFICERS
AHMED MOHAMOUD AHMED and JOHN      Index No.:
DOE 1-5
                Defendants.

## Jury Demand

Trial by Jury on all issues is demanded.

## Preliminary Introduction

This is a combined state and federal action relating to the civil rights violations suffered by Plaintiff Bruce Tolbert on October 28, 2023, while at the intersection of Clinton Street and Spring Street in the City of Buffalo. The federal claims are brought under 42 U.S.C. §1983 against all Defendants. The state common law claims for false imprisonment, assault, excessive force and battery are brought against all Defendants. The claim for depravation of civil rights as afforded to the Plaintiff under both the New York State Constitution and the United States constitution, including Plaintiff's right to be protected against unlawful searches and seizures in the form of excessive force as well as being unlawfully detained, are brought against all Defendants. The claim of personal injuries, including without limitation, medical expenses for consequential damages generally, including pain and suffering, as well as mental anguish, are brought against all Defendants.

## Parties

1.     Plaintiff, Bruce Tolbert, currently resides and did reside at all times relevant to these proceedings at 446 North Division St, Buffalo, NY 14204, located within the County of Erie and the State of New York.

2. Upon information and belief, Defendant Ahmed Mohamoud Ahmed is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

3. Upon information and belief, Defendant John Doe 1 is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

4. Upon information and belief, Defendant John Doe 2 is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

5. Upon information and belief, Defendant John Doe 3 is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

6. Upon information and belief, Defendant John Doe 4 is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

7. Upon information and belief, Defendant John Doe 5 is employed by the City of Buffalo and was acting in such capacity during the events which give rise to this lawsuit.

8. Upon information and belief, the CITY OF BUFFALO, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

## Jurisdiction

9. Plaintiff brings this action to recover damages for the violation of his civil rights under the Fourth Amendment of the United States Constitution, codified at 42 U.S.C. § 1983 and as bestowed upon the states and its citizens through the Due Process Clause by the Fourteenth Amendment of the United States Constitution.

10. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1332 (federal question), § 1343 (civil rights), and § 1367 (supplemental jurisdiction).

11. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. § 2201 and § 2202.

12. Compensatory and Punitive damages are sought pursuant to 42 U.S.C. § 1983.

Costs and Attorney's fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. Rule 54.

**Venue**

13. This action properly lies within the Western District of New York, pursuant to 28 U.S.C. § 1343(3), because the claims arose in this judicial district and the Defendants reside in and/or do business in Erie County.

**Factual Background**

14. On October 28, 2023, at roughly 1:30 A.M., Plaintiff was pulled over at the intersection of Clinton Street and Spring Street in the City of Buffalo by the Defendants, who were operating in three marked police vehicles.

15. Two police vehicles parked behind the Plaintiff, and the third parked in front of the Plaintiff, thus blocking the Plaintiff's car from moving.

16. Plaintiff was in complete compliance with any and all of New York's vehicle and traffic laws as well as all other laws.

17. All Defendants exited from the three police vehicles.

18. Defendant Officer John Doe 1 told Plaintiff that he was pulling him over for driving the wrong way down a one-way street, although, in fact, the streets traveled by the Plaintiff that evening were **not** one-way streets.

19. The Plaintiff was told to exit the vehicle, despite the Officers not having any legitimate or legal basis to do so.

20. The Plaintiff attempted to roll his window up out of fear, due to the Defendant's hostility.

21. The Plaintiff was then pulled out of the vehicle by use of physical and excessive force by Defendant Ahmed and the John Doe Defendants.

22. The Plaintiff was then punched in the stomach and thrown to the ground by Defendant Ahmed and the John Doe Defendant Police Officers. Such actions caused physical injury to his right eye.

23. While the Plaintiff was on the ground, the Defendant Officers held Plaintiff down by applying pressure to the back of his neck as well keening and kicking him about his torso.

24. At this time the Plaintiff was in fear for his life and vocalized such fear by repeatedly shouting "please don't kill me."

25. The Plaintiff was not resisting the Defendant Officer's force.

26. The Defendants then stood Plaintiff up and placed the Plaintiff in handcuffs.

27. The Plaintiff was then, for no legitimate or legal basis whatsoever, placed in the back of a City of Buffalo Police vehicle.

28. Defendants then searched the Plaintiff.

29. Plaintiff was detained in the back of the car for roughly 20 minutes.

30. Plaintiff was then released without any tickets being issued or crimes being charged, as indeed, he had not committed any wrongdoing.

31. Upon being released, Plaintiff received medical treatment at Sisters of Charity Hospital, St. Joseph's Campus, where he was treated for his injuries.

32. Since the time of the incident, Plaintiff experiences anxiety and fear when driving his vehicle and/or being in the presence of any law enforcement officer.

33. Upon information and belief, the incident herein described, and the resultant injuries and damages sustained were caused as a result of negligence, carelessness, reckless disregard and/or intentional and unlawful conduct on the part of the agents, servants and/or employees of the CITY OF BUFFALO, POLICE OFFICER AHMED MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5.

34. Upon information and belief, as a result of the aforesaid incident, BRUCE TOLBERT sustained severe bodily and emotional injuries and was painfully and seriously injured.

**First Cause of Action for Violation of the Fourth Amendment as per 42 U.S.C. §1983 for the excessive use of force used against the Plaintiff by POLICE OFFICER AHMED MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5 <u>in their individual and official capacities</u>**

35. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

36. To establish a claim for excessive force, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Cass v. City of Abilene, 814 F.3d 721, 731 (5th Cir. 2016). Whether the force used was excessive or unreasonable is a fact intensive inquiry that depends on the "totality of the circumstance." Tennessee v. Garner, 471 U.S. 1, 8-9 (2010).

37. In the case at bar, Plaintiff suffered several injuries to his face, head, and upper body, all of which required hospital attention. Plaintiff was beaten by all of the Defendant Police Officers for no legitimate basis, as Plaintiff was in complete compliance with any and all existing laws.

38. In the present case, all force which was used was clearly in excess to the need at hand, given that there was no need nor cause to stop nor approach Plaintiff, yet alone use force upon him.

39. Therefore, the force used was objectively unreasonable. Indeed, as no record of Plaintiff's detainment was created by the Defendants, it seems clear that the Defendants were trying to conceal their conduct.

40. This excessive use of force by the above Defendants constitutes a violation of the Fourth Amendment as an unreasonable seizure.

42. Plaintiff demands costs and attorney's fees pursuant to 42 U.S.C. §1988.

**Second Cause of Action for the Common Law Tort of Battery Against THE CITY OF BUFFALO,
POLICE OFFICER AHMED MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5.
in Their Individual and Official Capacities**

43. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

44. A plaintiff, to recover damages for battery founded on bodily contact, must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact. See, Laurie Marie M. v Jeffrey T. M.,159 AD2d 52, 55 (2d Dept 1990).

**45.** In this instance, Plaintiff can easily establish the three elements of a battery. He was beaten by the above-named Defendants constituting a form of bodily contact. The contact was offensive, as Plaintiff in no way consented to the contact.

46. The Defendants in this case clearly intended to make contact with the Plaintiff as he was pepper sprayed, taken to the ground, then handcuffed by said Defendant and his cohorts. Plaintiff would be detained by the co-Defendants, who then transported him to a police station to continue to detain the Plaintiff. This conduct can in no way be considered accidental.

**Third Cause of Action for Violation of the Fourth Amendment as per
42 U.S.C. §1983 for False Arrest and Imprisonment Against POLICE OFFICER AHMED
MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5.
in Their Individual Capacities**

1. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

2. To maintain a claim for false arrest a plaintiff must establish: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See Bernard v. United States, 25 F. 3d 98, 102 (2d Cir. 1994).

3. Plaintiff was falsely arrested by the above-named Defendants on October 28, 2023.

4. While no record of Plaintiff being detained on said date was created by the City of Buffalo Police Department, Plaintiff's detainment rose to the level of arrest almost immediately upon coming into contact with the Defendants.

5. Importantly, this arrest of Plaintiff was not privileged.

6. The above-named Defendants had no probable cause, reasonable suspicion, nor legal basis to believe that Plaintiff was engaged in any illegal activity. The detainment of Plaintiff was an arbitrary and unlawful seizure, based upon racial profiling or some other insidious basis.

7. Given the fact that the Plaintiff was never charged with a crime in relation to his detainment on that day, nor is there a record of him being actually arrested on that day, there is no reason to believe that the Officers in question had any reason to seize the Plaintiff on the date in question. Their motivation to make such an arrest was persecutory in nature.

8. The first three elements of the claim are established by way of the fact that the confinement of Plaintiff for this period was undoubtedly an intentional act on the part of the above-referenced Defendants.

9. Further, Plaintiff was conscious of his confinement and he at no time consented to his confinement.

10. The final element, that the confinement was not otherwise privileged, can best be established by the non-existence of any records of Plaintiff's detainment. In this instance, Plaintiff was never charged with a crime in relation to his detainment and was allowed to go free after he was arrested.

11. The lack of any records created in relation to Plaintiff's detainment belies any claim that he was lawfully arrested on that day and instead speak to a cover up relative to the Officers' actions.

12. Furthermore, the extended time of Plaintiff's detainment would mean that his detainment goes beyond a simple Terry stop and instead became a full-blown arrest.

### Fourth Cause of Action for the State Claim of False Arrest and False Imprisonment Against Defendants City of Buffalo, POLICE OFFICER AHMED MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5. in Their Individual Capacities

13. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

14. The elements for a state claim for illegal arrest and imprisonment are identical to those of a federal claim in the second circuit.

15. Further and in this instance, (1) a notice of claim was served on or about December 20, 2023; (2) at least thirty days elapsed since the notice of claim was filed and before this complaint will be filed; and (3) in that time, the defendant neglected or refused to satisfy the claim." Coggins v. Cty. Of Nassau, 988 F. Supp. 2d 231, 251 (EDNY 2013).

### Fifth Cause of Action for Violation of the Fourth Amendment
### as per 42 U.S.C. §1983 for an Illegal Search Against Defendants
### POLICE OFFICER AHMED MOHAMOUD AHMED and CITY OF BUFFALO POLICE OFFICERS JOHN DOE 1-5.
### in Their Individual Capacities

16. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

17. The Fourth Amendment of the United States Constitution protects the citizenry for unreasonable searches.

18. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." Katz v United States, 389 US 347, 357 (1967).

19. In the case at bar, the Plaintiff was subjected to a warrantless search of his person and his vehicle when he was arrested.

20. Additionally, none of the established exceptions to the warrant rule are readily apparent in this instance.

### Sixth Cause of Action for Violation of Article 1 Section 12 of the
### New York State Constitution for Illegal Search Against
### Defendants City of Buffalo

21. Plaintiff, Bruce Tolbert, repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

22. For the same reasons that the searches of Plaintiff were unreasonable under the federal constitution, they are unreasonable under the New York State constitution.

23. The searches of Plaintiff were conducted without a search warrant and in the absence of any of the exceptions to the warrant requirement.

24. Similar to the case of Brown v State of New York, 89 NY2d 172, 192 (1996) the Plaintiff in the present case cannot avail himself of declaratory or injunctive relief, nor can there

be suppression of illegally obtained evidence, as there is an absence of a prosecution. As such, the only remaining remedy to Plaintiff is a claim for damages.

### Punitive Damages against all Defendants aside from the City of Buffalo, in their individual Capacities

25. Plaintiff incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

26. All Defendants, in their individual capacities, were deliberately indifferent to Plaintiff's Constitutional rights as a result of their unconscionable and unjustified force and arrest of said Plaintiff who was doing nothing even remotely improper or illegal.

27. Punitive damages are justified against the above-stated Defendants for their deliberate indifference and malice towards the Plaintiff herein.

WHEREFORE, the Plaintiff demands judgment on the above counts against the Defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

   a. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;
   b. Exemplary damages in favor of the Plaintiff;
   c. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and
   d. Such other relief as the court may deem appropriate.

DATED:   November 17, 2024
         Darien Center, New York

By: */s/ Matthew Albert*
The Law Offices of Matthew Albert, Esq.
Attorneys for Plaintiff
2166 Church Rd
Darien Center, New York 14040
(716) 445-4119
mattalbertlaw@gmail.com